UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

       v.                                        CASE NO. 8:10-cr-284-T-17MAP

THEOPHILOS J. HERRING
_____/

## REPORT AND RECOMMENDATION

The Defendant seeks *in forma pauperis* status to appeal the denial of his motion for reconsideration of an order that rejected his request "to correct a clerical error" in his judgment dealing with "credit for time served." *See* docs. 45, 56. The gist of his complaint centers on the Bureau of Prisons' computation of presentence credit (or more accurately put – the lack of any credit). Because I find the appeal frivolous and without any arguable merit, I recommend his motion for leave to appeal *in forma pauperis* be denied. *See* doc. 56.

*A. Procedural History*

After the grand jury returned an indictment accusing the Defendant of being a felon in possession of a firearm affecting interstate commerce (18 U.S.C. § 922(g)(1)), the government secured his custody via a writ of habeas corpus (the Defendant had been incarcerated in the Pinellas County Jail). After pleading guilty, the district judge committed him to the custody of the Bureau of Prisons (BOP) for a term of imprisonment totaling 84 months. The BOP determined he was not entitled to any prior credit for the time he spent in the Marshal's custody. And that is the finding the Defendant really disputes. To correct this perceived injustice, the Defendant filed a "motion to correct clerical error to match with

Defendant's oral sentencing pronouncement." *See* doc. 45. He contends the BOP's computation does not square with district judge's remark at his sentencing that he should receive all presentence credit due him. The Court, finding no error in the judgment, denied the motion (doc. 46). That prompted the Defendant to file a motion for reconsideration (doc. 47). Based on the government's response to the motion, the Court denied the motion for reconsideration (doc. 48). It is this denial that the Defendant seeks to appeal *in forma pauperis.*

   *B. Discussion*

An appeal *in forma pauperis* may not be taken "if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a). "Good faith" means the appeal presents a nonfrivolous question for review. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). Put the other way, a frivolous issue is one without arguable merit either in law or fact. *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). That is the case here.

The federal post-sentencing scheme dictates that the Attorney General, through the BOP, has the responsibility for administering a convicted defendant's sentence. *See* 18 U.S.C. § 3621(a); *United States v. Wilson*, 503 U.S. 329, 335-336 (1992). Likewise, the BOP determines the credit an inmate is to receive for any presentence incarceration, and a district court has no authority to preordain the BOP's computation. *See* 18 U.S.C. § 3585(b); *Castillo v. Graver*, 182 Fed. Appx. 871, 873 (11th Cir. 2006) (district court had no authority to bind the BOP in stating that defendant shall receive credit for time served since the case began); *United States v. Lucas*, 898 F.2d 1554, 1555-56 (11th Cir. 1990). If the Defendant disagrees with the BOP's computation, his first recourse is to seek administrative review and

exhaust those remedies before seeking habeas corpus relief under 28 U.S.C. § 2241 against the BOP in the district of his confinement. *See United States v. Berrio*, 428 Fed. Appx. 944 (11th Cir. 2011).

Whether the Defendant is appealing the denial of his initial motion to correct or the denial of his motion for reconsideration, his appeal is frivolous. He has not, from all appearances, exhausted his administrative remedies. And, if he has, he brought suit in the wrong jurisdiction as he is confined in FCI Jessup.[1] For all these reasons, it is recommended that his *in pauperis* application for appeal be denied (doc. 56).

IT IS SO RECOMMENDED at Tampa, Florida on May 22, 2013.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

---

[1] The Defendant's legal premise, that he is entitled to credit for the time he spent in the Marshal's presentence is custody, is also misguided. Because the government secured the Defendant's presence through a writ of habeas corpus ad prosequendum, the Defendant's state custody was never interrupted. The state's loss of jurisdiction was only temporary; in effect, he was "on loan" from the state for federal prosecution in this district. *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980). The Defendant's federal time commenced only when the federal authorities received him from the Florida authorities upon his satisfaction of his state obligation. *Butler v. Warden, FCC Colemant-Medium*, 451 Fed. Appx. 811, 812 (11th Cir. 2011).